**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDUARDO TOMEO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIGROUP INC. and CITIMORTGAGE, INC.,<br><br>    Defendants. | Case No. 13-cv-4046 |
| JOSEPH MORDEN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIMORTGAGE, INC.,<br><br>    Defendant. | Case No. 14-cv-1941 |

**JOINT DISCOVERY PLAN**

  Plaintiffs Eduardo Tomeo and Joseph Morden ("Plaintiffs") and Defendants Citigroup Inc. and CitiMortgage, Inc. ("Defendants" or "Citi") respectfully submit the following Joint Discovery Plan (the "Plan") pursuant to the Court's order of May 14, 2014. Dkt. No. 52. On May 14, 2014, the parties conferred telephonically and by email concerning the elements of this Plan, and respectfully submit this Plan for the Court's consideration. To the extent the parties have differing or otherwise divergent views with respect to any element of this Plan and were

unable to reach an agreement on those issues, the parties' respective positions are separately noted herein.

1. **Case Plan**

Plaintiffs intend to file a Consolidated Complaint by June 10, 2014. Defendants will respond to the Consolidated Complaint by July 17, 2014.

2. **General Type of Discovery Needed**

Discovery will continue to be taken in all manners permitted by the Federal Rules of Civil Procedure, including in the form of document requests, interrogatories, requests for admission, and depositions. The parties have already exchanged written discovery requests, Defendant CitiMortgage has produced, and will continue to produce. Documents, Plaintiffs have already served Rule 30(b)(6) deposition notices on Defendants, and the discovery process is ongoing.

3. **Date for Rule 26(a)(1) Disclosures**

The parties have already exchanged their Rule 26(a)(1) disclosures.

4. **Date to Issue Written Discovery**

By prior order, *see Tomeo*, Notification of Docket Entry, Dkt. No. 29 (N.D. Ill. Aug. 29, 2013) & *Morden*, Minute Entry for January 17, 2014, Dkt. No. 31 (S.D. In. Jan. 23, 2014), the parties have already commenced written discovery.

5. **Fact Discovery Completion Date**

All fact discovery shall be completed no later than April 3, 2015, except as ordered by the Court.

6. **Date for Filing of Renewed Class Certification Motion and Expert Discovery**

    **6A.** **Plaintiffs' Position:**

Plaintiffs propose that they file a renewed motion for class certification no later than 30 days after the completion of fact discovery.[1] Plaintiffs further propose that Defendants shall file their opposition to Plaintiffs' motion for class certification, if any, no later than 60 days after Plaintiffs file their renewed motion for class certification. Plaintiffs propose that Plaintiffs shall file their reply to Defendants' opposition, if any, no later than 60 days after Defendants file their opposition.

On expert discovery, Plaintiffs' position is that the parties' respective class certification expert report(s) (if any) shall be submitted contemporaneously with their substantive class certification motion papers, meaning that: (a) Plaintiffs' expert report(s) in support of Plaintiffs' renewed class certification motion shall be submitted contemporaneously with that motion filing; (b) Defendants' class certification expert report(s) shall be submitted contemporaneously with Defendants' opposition to Plaintiffs' renewed motion for class certification; and (c) Plaintiffs' class certification rebuttal expert report(s), if any, shall be submitted contemporaneously with Plaintiffs' class certification reply memorandum. Defendants' alternative proposal, in section 6B, *infra*, serves only to attenuate the class certification process by unnecessarily segregating expert discovery from motion practice. Expert discovery and motion practice relating to class certification can and usually do proceed in tandem, and no peculiar circumstances justify deviating from this ordinary model in this case.

Plaintiffs further object to Defendants' attempt to prejudice Plaintiffs by providing only 45 days for Plaintiffs' reply submissions, if any, in support of their motion for class certification.

---

[1] Plaintiffs moved for class certification contemporaneously with their initial complaints in both *Tomeo* and *Morden* in light of the Seventh Circuit's opinion in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). *See* Plaintiff's Motion for Class Certification, Dkt. No. 4, No. 13-cv-4046 (N.D. Ill. May 31, 2013); Plaintiff's Motion for Class Certification, Dkt. No. 6, No. 14-cv-1941 (S.D. In. Dec. 12, 2013). The *Tomeo* motion was denied without prejudice prior to the Defendants' appearances in the action. *See* Notification of Docket Entry, Dkt. No. 6, No. 13-cv-4046 (N.D. Ill. June 6, 2013). The *Morden* motion was withdrawn and will be re-filed per the parties' joint stipulation. *See* Parties' Joint Stipulation Regarding Class Certification Motion, Dkt. No. 39, No. 14-cv-1941 (S.D. In. Feb. 13, 2014).

As set forth in this section, the filing deadlines should be separated by equal intervals of time (*i.e.*, Defendants must file any opposition to Plaintiffs' class certification motion within 60 days of the filing of the motion, and Plaintiffs must file any reply to Defendants' opposition within 60 days of the filing of the opposition).

Finally, Plaintiffs object to Defendants' request to submit sur-rebuttal expert testimony following any rebuttal expert testimony introduced by Plaintiffs pursuant to this section. Sur-rebuttal expert testimony should be permitted only if, and to the extent that, Plaintiffs offer rebuttal expert testimony introducing new facts or opinions other than those responding to Defendants' expert testimony. *See, e.g.*, *Cason-Merenda v. Detroit Med. Ctr.*, No. 06-15601, 2010 WL 1286410, at *2 (E.D. Mich. Mar. 31, 2010) (denying defendant's motion for leave to file a sur-rebuttal expert report where proffered report was "not narrowly tailored exclusively to the 'new issues' arguably raised" in the plaintiff's rebuttal expert report). Under Defendants' proposal, however, Defendants would be guaranteed an opportunity to present a sur-rebuttal. This is both unusual and highly prejudicial to Plaintiffs who, as Defendants point out, have the burden on class certification. For reasons of both fairness and judicial efficiency, Plaintiffs should be afforded the last word on their own motion.

**6B.  Defendants' Position:**

Defendants propose that a period of expert-related class certification discovery commence following the close of fact discovery and that such expert discovery be concluded prior to the briefing on Plaintiffs' anticipated motion for class certification. Given that Plaintiffs have the burden on class certification, contemporaneous disclosure of experts is inequitable and likely will lead to the unnecessary expenditure of time and resources. As set forth below, Plaintiffs should be required to disclose their expert(s) first and allow for a deposition to be taken

4

by Defendants prior to Defendants' disclosure of their expert(s). In Defendants' counsel's experience, this sequence is both a common and an equitable way to address expert discovery in the context of class certification motions. Specifically, Defendants propose that Plaintiffs have 30 days following the close of fact discovery, or until May 4, 2015, to serve their Rule 26(a)(2) disclosures, including report(s). Defendants shall have 30 days, or until June 3, 2015, to depose Plaintiffs' expert(s). Thereafter, Defendants shall have 30 days, or until July 3, 2015, to serve their Rule 26(a)(2) disclosures, including report(s). Plaintiffs shall then have 30 days, or until August 3, 2015, to depose Defendants' expert(s).

Following this period of expert discovery, Defendants propose that Plaintiffs file their motion for class certification within 30 days, or by September 2, 2015. Defendants shall then have 60 days, or until November 2, 2015, to file their opposition to Plaintiffs' motion for class certification, and Plaintiffs shall have 45 days, or until December 17, 2015, to file their reply brief in support of class certification.

As to any rebuttal experts, Rule 26 does not provide for "rebuttal" or "sur-rebuttal" experts. However, Plaintiffs have indicated that they want the use of a rebuttal expert. Introducing a rebuttal expert, without affording Defendants a chance to respond via a sur-rebuttal report, is inequitable and will prejudice Defendants on class certification. Should the Court allow Plaintiffs to submit a rebuttal expert(s), Defendants request that they be given the opportunity to submit sur-rebuttal expert(s). While Plaintiffs object to Defendants' opportunity for a sur-rebuttal report, case law supports Defendants' position. *See United States v. Portis*, 542 F.2d 414, 418 (7th Cir. 1976) ("We have confidence in the ability of the judges of the federal district courts to confine surrebuttal, or indeed sur-surrebuttal if that should ever become necessary, to its proper scope. The purpose, of course, is for the full development of the

…
respective cases of the litigants, and gamesmanship in getting the last word should have no part in it. Here we have no reason for thinking that surrebuttal testimony would have unduly prolonged or delayed the trial."); *S.W. v. City of New York*, CV 2009-1777 ENV MDG, 2011 WL 3038776, at *4 (E.D.N.Y. July 25, 2011) ("defendants are granted leave to serve surrebuttal reports by their experts if they deem it necessary."); *Ernst v. City of Chicago*, 08 C 4370, 2013 WL 4804837, at *4-5 (N.D. Ill. Sept. 9, 2013) (permitting surrebuttal expert report over objection); *see also City of Gary v. Shafer*, 2:07-CV-56-PRC, 2009 WL 1370997, at *6 (N.D. Ind. May 13, 2009).

**7. Expert Discovery Completion Date**

Plaintiffs propose that expert discovery should proceed on the schedule identified by Plaintiffs in response to No. 6A, *supra*. Defendants propose that expert discovery should proceed on the schedule identified by Defendants in response to No. 6B, *supra*.

**8. Last Date for Filing of Dispositive Motions**

The parties shall file any dispositive motions no later than 45 days after the completion of expert discovery.

DATED: May 23, 2014                  Respectfully submitted,

                 BY:          */s/ Adam J. Levitt*
                                   Adam J. Levitt
                                   **GRANT & EISENHOFER P.A.**
                                   30 North LaSalle Street, Suite 1200
                                   Chicago, Illinois 60602
                                   Telephone: (312) 214-0000
                                   Facsimile: (312) 214-0001
                                   alevitt@gelaw.com

                                   Kyle J. McGee
                                   **GRANT & EISENHOFER P.A.**
                                   123 Justison Street
                                   Wilmington, Delaware 19801

        Telephone: (302) 622-7000
        Facsimile: (302) 622-7100

        Beth E. Terrell
        Mary B. Reiten
        **TERRELL MARSHALL DAUDT &**
        **WILLIE PLLC**
        936 North 34th Street, Suite 300
        Seattle, Washington 98103
        Telephone: (206) 816-6603
        Facsimile: (206) 350-3528

        Alexander H. Burke
        **BURKE LAW OFFICES, LLC**
        155 North Michigan Avenue, Suite 9020
        Chicago, Illinois 60601
        Telephone: (312) 729-5288
        Facsimile: (312) 729-5289

        *Attorneys for Plaintiffs*


DATED: May 23, 2014

        BY:        */s/* Debra Bogo-Ernst
        Debra Bogo-Ernst
        Lucia Nale
        Hans J. Germann
        **MAYER BROWN LLP**
        71 South Wacker Drive
        Chicago, Illinois 60606
        Telephone: (312) 701-8792
        Facsimile: (312) 706-8169

        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2013, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Notice was sent to all parties registered with the Court's CM/ECF system.

Dated: May 23, 2014                             /s/ Adam J. Levitt_____
                                                                    Adam J. Levitt